

# THE ATTORNEY GENERAL
## OF TEXAS

GERALD C. MANN                    AUSTIN 11, TEXAS
████████████████████D
ATTORNEY GENERAL

Honorable Gaynor Kendall
Investment Counsel
State Board of Education
Austin, Texas

Dear Sir:                          Opinion Number O-5217
                                   Re:  Whether taxes collected
                                        from levies made for local
                                        maintenance may be used to
                                        pay before maturity bonds
                                        held by the Permanent
                                        School Fund.

        We have your request for an opinion, which request is as follows:

        "I am directed by the State Board of Education to request your opinion whether under Article 2787a, Revised Civil Statutes of 1925, taxes collected from levies made for local maintenance may be used to pay before maturity bonds held by the Permanent School Fund."

        Article 2787a is as follows:

        "The State Board of Education may authorize the trustees of any common school district or of any independent school district of this State to pay off and discharge, at any interest paying date whether the bonds are matured or not, all or any part of any bonded indebtedness now owned or hereafter to be owned by the State Permanent School Fund, outstanding against any common school district, or any independent school district in this State.

        "It shall be the duty of the school trustees of any common school district, or any independent school district of this State desiring to pay off and discharge any bonded indebtedness now owned or hereafter to be owned by the Permanent School Fund of this State, outstanding against such district or districts, before maturity thereof, to make direct application in writing to the State Board of Education at least thirty days before any interest paying date on said bonds, making known to said State Board of Education the desire of said trustees to pay off and discharge said

bonded indebtedness, or any part thereof, describing said bonds or the part thereof that the trustees desire to pay off and discharge; and it shall be the duty of the State Board of Education upon receipt of such application to act thereon in such manner as they deem best and notify the applicant or applicants whether the application is refused or granted in whole or in part; provided, that only such tax money as has been collected by virtue of tax levies made for the specific purpose of providing a sinking fund and paying interest on the particular bonds to be redeemed shall be expended in the redemption, taking up, or paying off of such bonds as provided in this Act; unless said bonds are being redeemed for the purpose of being refunded; and the application of the board of trustees of any common or independent school district desiring to retire bonds as herein provided shall include an affidavit to that effect in their application; and provided further, that it shall be unlawful for any person upon whom any duty rests in carrying out the provisions of this law to give or receive any commission, premium, or any compensation whatever for the performance of such duty or duties.

"The provisions of this Act shall apply also to the governing boards of all cities, counties and political subdivisions in this State whose bonds are owned or may hereafter be owned by the Permanent School Fund of the State."

It will be noted that the above article contains the following proviso: "provided, that only such tax money as has been collected by virtue of tax levies made for the specific purpose of providing a sinking fund and paying interest on the particular bonds to be redeemed shall be expended in the redemption, taking up, or paying off of such bonds as provided in this Act; unless said bonds are being redeemed for the purpose of being refunded; and the application of the board of trustees of any common or independent school district desiring to retire bonds as herein provided shall include an affidavit to that effect in their application."

It is apparent from the foregoing quotation from Article 2787a that taxes collected from levies made for local maintenance may not be used to pay before maturity bonds held by the Permanent School Fund, nor could taxes levied for interest and sinking fund of any other bond issue of the district be so used, but "only such tax money as has been collected by virtue of levies made for the specific purpose of providing a sinking fund and paying interest on the particular bonds to be redeemed."

In the case of State vs. Hatcher, 52 S. W. (2d) 794 the Austin Court of Civil Appeals held that the State Treasurer could not accept

payment on unmatured bonds belonging to the permanent school fund except under conditions imposed by the Board of Education.

Very truly yours

APPROVED APR 22, 1943

/s/ Grover Sellers

FIRST ASSISTANT
ATTORNEY GENERAL

ATTORNEY GENERAL OF TEXAS

By /s/ C. F. Gibson
C. F. Gibson
Assistant

CFG-s-lm
O.K.
/s/ C.C.R.

APPROVED
OPINION
COMMITTEE
BY /s/ BWB
CHAIRMAN